# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXANDER RICHARD CROWLEY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NDOC, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:20-cv-00665-MMD-WGC<br><br>ORDER |

　　　　This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On October 6, 2021, this Court issued an order directing Plaintiff Alexander Crowley to pay the full filing fee of $400.00 or to file a new application to proceed *in forma pauperis* ("IFP Application") demonstrating his indigent status by November 5, 2021. (ECF No. 10.) The deadline has now expired, and Crowley has not filed a new IFP Application, paid the full filing fee, or otherwise responded to the Court's order.

　　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address);

*Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Crowley to pay the full filing fee of $400.00 or to file a new IFP Application demonstrating his indigent status by November 5, 2021, expressly stated: "It is further ordered that, if Crowley fails to timely comply with this order, the Court will dismiss this case without prejudice." (ECF No. 10 at 2.) Thus, Crowley had adequate warning that dismissal would result from his noncompliance with the Court's order.

It is therefore ordered that this action is dismissed without prejudice based on Crowley's failure to pay the filing fee or file a new application to proceed *in forma pauperis*

1 | in compliance with this Court's October 6, 2021, order.

2 | The Clerk of Court is directed to close the case and enter judgment accordingly.

3 | DATED THIS 22nd Day of November 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE